UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDREA FERKINGSTAD,

    Plaintiff,

v.                                                                                    Case No. 16-CV-3565 (JNE/BRT)
                                                                                      **ORDER**

ACCOUNTS RECEIVABLE SERVICES,
LLC,

    Defendant.

Plaintiff Andrea Ferkingstad sued Defendant Accounts Receivable Services, LLC ("ARS") for violations of the Fair Debt Collection Practices Act ("FDCPA"). She alleges that when ARS sued her in Minnesota Conciliation Court, ARS falsely represented the amount of a debt, falsely represented that Allina Health System ("Allina") sold and assigned the debt to ARS, and provided Ferkingstad false documents purporting to effect such a sale and assignment. The matter is before the Court on ARS's Motion to Dismiss under Rule 12(b)(6). (*See* Dkt. No. 12.) The Court decides to grant the Motion in part and deny it in part because although Ferkingstad's false-amount claim is not viable, she plausibly alleges claims relating to the false sale and assignment representations.

I.   BACKGROUND

ARS filed a debt collection lawsuit against Ferkingstad in Minnesota Conciliation Court on October 19, 2015. (*See* Amend. Compl. ¶ 8, Dkt. No. 4.) The statement of claim alleged that Ferkingstad was indebted to ARS in the amount of $878.75 on an account stated, which account Allina originally held and assigned to ARS. (*Id.* ¶¶ 9-10.) It also explained that the $878.75 figure was the sum of a $696.47 medical debt, plus $182.28 in statutory interest. (*See* Dkt. No.

1

15-1.)[1] Prior to the suit, Ferkingstad never received a bill from Allina for exactly $878.75. (Amend. Compl. ¶ 33.)

On January 13, 2016, the Minnesota Conciliation Court held a hearing on ARS's claim. (*See id.* ¶ 11.) Ferkingstad appeared with counsel, and ARS appeared through a non-attorney representative. (*Id.* ¶¶ 12-13.) At the hearing, ARS's representative provided Ferkingstad with two documents: (1) a "Bill of Sale," and (2) "Exhibit 1A," which was attached to the Bill of Sale. (*Id.* ¶¶ 17-20.) The Bill of Sale refers to a separate "Purchase of Business Agreement" for the sale of accounts from Allina to ARS and is signed by an Allina representative. (*Id.* ¶¶ 20, 22.) It purports to transfer Allina's rights in the accounts listed in Exhibit 1A. (*See id.* ¶ 23.) That Exhibit references only Ferkingstad's account. (*Id.* ¶ 24.) ARS dismissed its claim without prejudice at the hearing. (*Id.* ¶¶ 14-15.)

After ARS filed the conciliation court suit, Allina made a "Bad Debt Final Referral" on Ferkingstad's account. (*Id.* ¶ 28.) This referral shows that Allina was still the owner of the debt when ARS sued Ferkingstad; ARS had no right to collect on the debt at that time. (*Id.* ¶¶ 29-31.)

## II.  MOTION TO STAY

During briefing on ARS's Motion to Dismiss, Ferkingstad filed a Motion to Stay the Motion to Dismiss until the Eighth Circuit Court of Appeals rules in *Hill v. Accounts Receivable Servs., LLC*, No. 16-CV-219 (DWF/BRT), 2016 WL 6462119 (D. Minn. Oct. 31, 2016), *appeal*

---

[1] On a Rule 12(b)(6) motion, the Court may consider matters of public record that do not contradict the complaint and materials that are necessarily embraced by the pleadings. *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). The statement of claim filed in the Minnesota Conciliation Court is a public record. The Amended Complaint also references and quotes the statement of claim. (*See* Amend. Compl. ¶¶ 8-10.) Therefore, the statement of claim may be considered. The parties argue the Court should consider other materials, but the Court declines to do so because the materials are outside the pleadings and would require the Court to convert ARS's Motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (finding affidavits outside the pleadings).

*docketed*, No. 16-4356 (8th Cir. Dec. 2, 2016). (*See* Dkt. No. 23.) Ferkingstad contends that the *Hill* case is substantively different, but will resolve a common legal issue: whether FDCPA false representation claims require an element of materiality. (*See* Plaintiff's Memorandum in Support of Her Motion to Stay ("Pl. Stay Br.") 2, Dkt. No. 25.) ARS opposes a stay. (*See* Defendant's Response Memorandum in Opposition to the Motion to Stay ("Def. Stay Br."), Dkt. No. 27.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*, 299 U.S. at 254). Exercising this broad discretion, the Court denies the Motion to Stay because Ferkingstad has not established the need for a stay pending the *Hill* appeal. *See id.* at 708 ("The proponent of a stay bears the burden of establishing its need.").

### III. STANDARD OF REVIEW

When considering Rule 12(b)(6) motions, the Court evaluates whether the alleged facts are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Court accepts the alleged facts as true, drawing all reasonable inferences in favor of the non-moving party. *See id.* "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). After setting aside conclusory allegations, the Court draws on "its judicial experience and common sense" to determine if the factual statements nudge a claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679-80 (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

The FDCPA makes it unlawful to use false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e. It specifically outlaws false representations about the character, amount, or legal status of any debt, § 1692e(2), and the use of false representations or deceptive means to attempt to collect any debt, § 1692e(10).[2]

In order to be actionable under the FDCPA, a false representation must be such that it would harass, mislead, or deceive an unsophisticated consumer. *See Haney v. Portfolio Recovery Assocs., L.L.C.*, 837 F.3d 918, 924 (8th Cir. 2016); *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015) (citing *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 945 (7th Cir. 2011) (Tinder, J., concurring)); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012) (also citing *O'Rourke*). This standard asks whether a reasonable consumer of below-average sophistication or intelligence would be misled or deceived by the false representation. *See Haney*, 837 F.3d at 924; *Janson*, 806 F.3d at 437; *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). In some circumstances, a statement is clearly misleading or deceptive on its face. *See O'Rourke*, 635 F.3d at 945. In other circumstances, the plaintiff must provide evidence that unsophisticated consumers would likely be misled by the false representation. *See id.* Evidence that the plaintiff was actually misled contributes to this showing. *See Janson*, 806 F.3d at 437-38; *Hemmingsen*, 674 F.3d at 819; *O'Rourke*, 635 F.3d at 945. When an attorney is interposed as an intermediary between the debt collector and consumer, courts apply a different standard: that of the "competent lawyer." *Powers v. Credit Mgmt. Servs.,*

---

[2] Ferkingstad alleges that, in addition to these sections, ARS violated § 1692e(5), which creates liability for "threat[s] to take any action that cannot legally be taken or that is not intended to be taken." But because ARS actually took legal action, that section is inapplicable. *See, e.g.*, *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 520 (S.D.N.Y. 2013).

*Inc.*, 776 F.3d 567, 574 (8th Cir. 2015). This standard asks whether a false representation would mislead a competent lawyer, even if the lawyer is not a specialist in consumer debt law. *See id.*

The FDCPA also prohibits unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f, such as collecting an amount not expressly authorized by the agreement creating the debt or permitted by law, § 1692f(1). For the purposes of this case, the key inquiries under these provisions are straightforward.

### A. False Representation Regarding the Amount of the Allina Debt

Ferkingstad alleges that ARS violated the FDCPA when it sued her in conciliation court for $878.75 on an account stated.[3] (*See* Amend. Compl. ¶¶ 33-34, 39-40.) She claims that the $878.75 figure is false because she never received an account statement for exactly $878.75. (*See id.*) She further alleges "it would have been impossible for [her] to have received an account statement indicating that amount, because ARS included in the 'account stated amount' interest assessed to the day ARS signed the Conciliation Court Complaint."[4] (*Id.* ¶ 34.) Because these allegations implicate acts specifically prohibited under both § 1692e and § 1692f—and Ferkingstad brought claims under both provisions—each kind of violation must be considered. *See Haney*, 837 F.3d at 930-32 (finding that a plaintiff stated a claim under both § 1692e(2) and § 1692f(1) when the plaintiff alleged an attempt to collect unlawful interest).

---

[3] An account stated claim lies where the parties in some manner agreed that liability for a certain amount exists between them. *See Kittler and Hedelson v. Sheehan Props., Inc.*, 203 N.W.2d 835, 840 (Minn. 1973). This can be shown by "proof of the retention of a statement of account without objection for more than a reasonable length of time." *Id.* at 839 (quoting *Meagher v. Kavli*, 88 N.W.2d 871, 879 (Minn. 1958)).

[4] Ferkingstad does not appear to allege that she never received *any* account statement, but rather only that she did not receive a statement for exactly $878.75. In a similar case, the Court held that a claim was plausible when it was based on the theory that ARS "never presented any 'statement of account' required to establish an 'account stated' theory of liability." *Jorgensen v. Accounts Receivable Servs., LLC*, No. 16-CV-449 (RHK/KMM), slip op. at 10 (D. Minn. Aug. 31, 2016). Ferkingstad does not allege that she never received any statement.

*1. False Statement, in Violation of § 1692e*

The conciliation court statement of claim explains that the $878.75 figure is the alleged debt principal, plus statutory interest. (*See* Dkt. No. 15-1.) ARS argues that because it included this explanation in its statement of claim, the figure was not false and, regardless, was not misleading. (*See* Defendant's Memorandum in Support of Its Motion to Dismiss ("Def. Br.") 16-17, Dkt. No. 14.) Ferkingstad generally disagrees. (*See* Plaintiff's Response Memorandum in Opposition to the Motion to Dismiss ("Pl. Br.") 6, 28, Dkt. No. 19.)

Even if the correct account stated amount was technically less than $878.75, the statement of claim explained that the amount was the sum of both principal and interest. (*See* Dkt. No. 15-1.) An unsophisticated consumer, after reading the one-page conciliation court claim, would not be misled to believe, for example, that the original debt principal was actually $878.75 or that the claim related to a different debt. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). And Ferkingstad does not articulate how else the sum total of principal and interest could mislead an unsophisticated consumer in these circumstances. (*See* Pl. Br. 28.) Therefore, Ferkingstad failed to plausibly plead a false-amount claim under § 1692e(2) and (10).

*2. Unauthorized or Unpermitted Interest, in Violation of § 1692f*

ARS argues that Minn. Stat. § 334.01, subd. 1 (2016) allows it to recover interest at 6.00% per annum. (*See* Def. Br. 3, 17 n.4; Defendant's Reply Memorandum ("Def. Reply Br.") 9, 11-12, Dkt. No. 22.) Under that provision, plaintiffs may seek "interest for any legal indebtedness . . . at the rate of $6 upon $100 for a year, unless a different rate is contracted for in writing." § 334.01, subd. 1. Ferkingstad does not allege that she agreed to a different rate, that § 334.01, subd. 1 does not apply, or that ARS incorrectly calculated the $182.28 in interest. She

fails to explain why the $878.75 was unauthorized or unpermitted by law. Therefore, Ferkingstad failed to plausibly plead a false-amount claim under § 1692f and (1). *See Jorgensen v. Accounts Receivable Servs., LLC*, No. 16-CV-449 (RHK/KMM), slip op. at 7 (D. Minn. Aug. 31, 2016).

### B. False Representations Regarding the Sale and Assignment of Debt

Ferkingstad claims that ARS violated the FDCPA when ARS sued her in conciliation court to recover the Allina debt because ARS represented in its statement of claim that Allina sold and assigned the debt to ARS, when in fact no sale or assignment had occurred. (*See* Amend. Compl. ¶¶ 30-31.) She alleges that this is shown, in part, by Allina documents noting a bad debt referral on her account after ARS sued. (*See id.* ¶ 28.) "Indeed, in every other case in which Plaintiff's counsel has received the relevant Allina documentation, ARS and Allina's practice has been for ARS to sue a consumer in Conciliation Court, claiming to be Allina's successor, before Allina's documents show any transfer of the account from Allina to any other entity." (*Id.* ¶ 29.)

In addition, Ferkingstad alleges ARS fabricated the Bill of Sale and Exhibit 1A to support its false representation that a sale and assignment took place. The Bill of Sale purports to transfer accounts listed in an Exhibit 1A. (*Id.* ¶¶ 20, 23.) At the time the Bill of Sale was executed, however, the Exhibit 1A containing Ferkingstad's information was not created or attached to the Bill of Sale. (*Id.* ¶¶ 21-22.) Rather, ARS "created, assembled, and/or doctored" Exhibit 1A later, in preparation for the conciliation court hearing. (*Id.* ¶¶ 22, 24-26.) This is shown by the post-suit bad debt referral, as well as the fact that the Bill of Sale refers to "*each and every one* of the Assets described in the [Purchase of Business] Agreement . . . as listed in the Exhibit 1A," but Exhibit 1A only lists Ferkingstad's name. (*Id.* ¶¶ 24-25 (emphasis added).) In addition, the Bill of Sale has Ferkingstad's name written across the bottom, which ARS added after Allina

7

executed the Bill of Sale. (*Id.* ¶ 25.) The Bill of Sale would not refer to "each and every" asset, while simultaneously containing solely Ferkingstad's name, if only one asset was listed in Exhibit 1A and being transferred. (*See id.* ¶ 26.)

Ferkingstad's false sale and assignment claims implicate § 1692e(2) and (10). *See Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (holding that a debt collector violated § 1692e(2) and (10) by falsely stating it was subrogated to an original debt holder's rights). The competent lawyer standard applies to the documents because ARS provided Ferkingstad the documents at the conciliation court hearing, in the presence of her attorney. (*See* Amend. Compl. ¶¶ 12, 17.) It is unclear whether Ferkingstad was represented when she received the conciliation court statement of claim. Regardless, the Court assumes, for the sake of argument, that the higher competent lawyer standard applies to all of the sale and assignment representations. If Ferkingstad's claims are plausible under this standard, they are also plausible under the less-stringent unsophisticated consumer standard.

ARS argues that the alleged false sale and assignment representations are not misleading because the recipient of the information would not be hindered in choosing how respond, such as by ignoring the complaint or appearing to defend or settle the case. (*See* Def. Reply Br. 18; *see also* Def. Br. 13-15.) Moreover, ARS argues that Ferkingstad was not actually misled.[5] (*See* Def. Br. 15.) Ferkingstad responds that ARS's conciliation court claim caused her to hire an attorney to defend the claim, which resulted in legal costs. (*See* Pl. Br. 27.)

---

5  ARS also argues that Ferkingstad lacks standing to contest the validity of a debt assignment between Allina and itself. (*See* Def. Br. 10-12; Def. Reply Br. 16-17.) Whether a debtor has standing to challenge the *validity* of a debt assignment based on a procedural defect is separate from whether a debtor can bring an FDCPA claim based on the allegation that there was *no assignment*. *See Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327-328, 327 n.2 (6th Cir. 2012); *Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 947-48 (S.D. Ohio 2005).

8

Granting all reasonable inferences in Ferkingstad's favor, and viewing the conciliation court statement of claim, Bill of Sale, and Exhibit 1A in tandem, it is plausible that a competent lawyer would be misled to believe that ARS actually owned the Allina debt. Operating under this mistaken belief, the attorney would provide a client-debtor certain legal advice, such as whether or not to settle, pay, or defend—as ARS acknowledges. (*See* Def. Reply Br. 18.) The attorney might advise the client to pay or settle, leaving the client open to continued liability from the true debt holder. Or the attorney might advise the client to defend by employing a legal theory not directed at challenging the claim of ownership. If a competent lawyer would be misled into giving unsound advice, an unsophisticated consumer is even more likely to be misled into making flawed decisions. *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) (stating that a false representation as to the unpaid balance of a consumer's debt could mislead a competent lawyer when the lawyer would be unable to discover the falsity due to the client's inability to pay the lawyer to conduct an investigation); *see also Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327-328 6th Cir. 2012) (holding that the plaintiff sufficiently pled that an unsophisticated consumer would be misled by a false statement as to the true holder of a mortgage when the statement was contained in a foreclosure complaint).

ARS argues that the Eighth Circuit's opinion in *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012) requires dismissal because the opinion "held that FDC[P]A claims cannot flow from the mere fact that an underlying action was ultimately unsuccessful." (Def. Br. 1, 9-10.) Ferkingstad responds that *Hemmingsen* only held that a "win in state district court does not *automatically* mean that there was an FDCPA violation." (Pl. Br. 13-14 (some emphasis omitted).) She further argues that, regardless, she did not win in conciliation court because ARS only dismissed its claim without prejudice. (*See id.* at 14.)

9

In *Hemmingsen*, the Eighth Circuit held that there was no FDCPA violation when the debt collector submitted to the state court an affidavit and legal memorandum arguing that the debtor was liable for a debt, but the state court rejected the debt collector's contentions. *See* 674 F.3d at 819. The Eighth Circuit specifically declined to adopt the proposition that fact allegations in a collection suit are per se false and misleading when rejected as not adequately supported. *See id.* The question in the case was not whether the debt collector actually owned the debt—as here—but whether the debt collector had enough evidence to persuade a court to grant the requested relief against the person the debt collector alleged was liable on the debt. The *Hemmingsen* debt collector's inadequate proof did not, by itself, form the basis of an FDCPA violation. *See id.*

The Eighth Circuit, in dicta, provided an "obvious example" of a case that "would raise far different issues of abusive, deceptive, or unfair means of debt collection than [the *Hemmingsen* case]." *Id.* The example included the following conduct: "the defendant debt collector . . . routinely files collection complaints containing intentionally false assertions of the amount owed, serves the complaints on unrepresented consumers, and then dismisses any complaint that is not defaulted." *Id.* Here, Ferkingstad alleges ARS engaged in similar conduct, but that the misrepresentations concern the ownership of the debt (instead of the amount owed). (*See* Amend. Compl. ¶¶ 14-15, 26, 28-31.) Ferkingstad is not alleging ARS violated the FDCPA because ARS voluntarily dismissed its conciliation court claim, but instead because ARS had no legal right to bring a debt collection action in the first place and falsified documents to mislead her to believe that it owned the Allina debt. *Hemmingsen*'s holding does not require dismissal; instead, *Hemmingsen*'s dicta suggests the opposite is proper.

Ferkingstad plausibly alleges that ARS falsely represented—at the time it made its representations—that it owned a debt against her. Her claims based on the false sale and assignment representations survive ARS's Motion to Dismiss. *See Hageman v. Barton*, 817 F.3d 611, 619 (8th Cir. 2016) (finding that the plaintiff plausibly alleged FDCPA claims based on a false representation as to the identity of the true debt holder).

## V.  CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff Andrea Ferkingstad's Motion to Stay [Dkt. No. 23] is DENIED.

2. Defendant Accounts Receivable Services, LLC's Motion to Dismiss [Dkt. No. 12] is GRANTED IN PART and DENIED IN PART, as set forth in this Order.

Dated: April 13, 2017.

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge